YouNG, Justice, delivered the following dissenting opinion: As I do not concur in the opinion expressed by a majority of the court, I will briefly state the reasons for my dissent. The decision, as I understand it, though probably not so intended by the court, does away with all distinction between penal bonds and recognizances, in our criminal proceedings, by allowing the former to be substituted for the latter; and introduces a new rule of construction, which I consider at variance with the common law, our own statutes, and the long settled and well defined precedents, as heretofore recognised and understood both in England and in this country. , A recognizance is defined to be an obligation of record, entered into before a court or officer, duly authorized for that purpose, with a condition to do some act required by law, which is therein specified, 2 Blac. Com. 341; 1 Chit. Crim. Law 90. Recognizances, in criminal cases, are either that the party shall appear before the proper court to answer such charges as are, or shall be made against him, that he shall keep the peace, or be of good behavior. Witnesses are also required to be bound in recognizance to testify. 2 Bouvier’s Law Diet. 329.' A recognizance, when forfeited, is made absolute, and has all the force and effect of a judgment. It is allowed a priority in point of payment, and binds the lands of the cognisor. 4 Blac. Com. 452; 3 Tomlin’s Law Diet. 297. A recognizance, not taken by a court of record, is not, however, strictly a record until it is filed and entered in a court of record. 2. Tidd’s Pract. 984-5, 1035. In regard to the process whichissues upon it, it is said in 6 Bac. Abr. 104, 108, that a scire facias is a judicial writ founded on some matter of record, as a recognizance, to show cause why the plaintiff shall not have the advantage of that record; and that a recognizance is considered as a judgment, being an obligation solemnly acknowledged and entered of record. In 2 Tidd’s Pract. 982 et seq., a recognizance is classed among judgments, In Shuttle v. Wood, 2 Salk. 564, Holt C. J., says, in speaking of the effect of a recognizance of bail, “ In this court (the King’s Bench), the course is always to enter them (i. e. recognizances of bail) as taken, in this court, though taken actually by a judge at his chambers; and in this court they are not taken in a sum certain as in the common pleas; neither are they a record until entered ; but in the common pleas it is a record immediately upon the first caption, and binds the lands before it is filed at Westminster; and when it is filed, then it is a record in [* 483] court, and a scire facias or debt lies upon it either in Mid-dlesex where filed, or in London where taken,” etc. A recognizance, therefore, stands for a judgment itself, and when default is made, and a forfeiture taken, a scire facias at once goes, requiring the cognisor to show cause why execution shall not issue for the sum mentioned in such recognizance. A penal bond, or rather a bond or obligation is defined to be a deed whereby the obligor or person bound obHgés himself, his heirs, executors, and administrators, to pay a certain sum of money to another at a day appointed. If the bond be without a condition, it is called a single one-; but there is generally a condition added, that if the obligor does some particular act, the obligation shall be void, or else shall remain in full force. The principal sum is usually one half of the penal sum specified in the bond. 1 Tomlin’s Law Diet. 257. The remedy on a penal bond is by action of debt or covenant. On the forfeiture of the bond, the whole penalty was formerly recoverable at law; but the courts of equity in England interposed and would not permit a man to take more than in conscience he ought, to wit, his principal, interest, and expenses, or the damages sustained upon the non performance of covenants and the like. And since the statute of 4 and 5 Anne, eh. 16, the same rule prevails in the courts of law. The process is a summons or capias ad respondendum, and there is no lien upon the obligor’s lands until a judgment is regularly obtained against him in court. No trial or judgment can be had without an actual service of the process, while execution may be awarded on a recognizance, upon two returns of non est inventus, without any personal service at all. A recognizance and penal bond, therefor, differ in almost every essential particular; and to decide now, after so long an acquiescence in the legal distinction which has always been taken in the courts of England and in this country, that the one may be substituted for the other, under our statute, will instead of simplifying the proceedings in such cases, introduce confusion and uncertainty into our system of precedents, which will be productive of infinitely more mischief than that which is intended to be remedied by such a departure from the .old and well established landmarks of the law. It may, nevertheless, be said, that the only difference in the matter of form consists in this; that in the penal bond the obligor promises to pay a specified sum ; whereas in the recognizance the cognisor acknowledges himself to owe and be indebted in the like' sum. But is there not also this further difference ; that by the recognizance, the cognisor agrees in case of default, that the sum specified may be levied on his goods and chattels, lands, and tenements ; while no such agreement is ever incorporated into [* 484] a mere penal bond ? It is this feature more than any other, which would seem to give to the recognizance, in case of forfeiture, the effect of a judgment. In the case of Dewitt v. Osborn, 5 Ohio, which is referred to by the majority of the court, Collet, J., who delivered the opinion of the court, said : “ That in England they (i. e. recognizances) were liens, may be inferred from their forms, ‘ to be levied upon your goods and chattels, lands and tenements,’ but that such was not the case in Ohio.” In this, respect the laws of Ohio differ from the laws of this state; it being determined under the laws of that state, that a judgment must first be obtained on recognizance, bv scire facias, before a lien can attach to the defendant’s lands; while by our statute no such judgment is necessary. ■ The bond in this case was taken under the 5th section of the “ act to regulate the apprehension of offenders, and for other purposes,” approved January 30,1827. There is no provision in that act, “ that recognizances shall not be set aside or adjudged insufficient, for want of form.” That provision in the law, is to be found in the 165th section of the criminal code, and relates exclusively to such recognizances as are required to be taken after the finding of the indictment. This, however, would not change my opinion, as to the proper form of the recognizance, as I do not suppose the legislature intended to do away the distinction which has always existed between such instruments. There is no difference between a single bond for the payment of money, and a promissory note, except that the seal or scrawl which is attached at the end of the maker’s name; and yet this scrawl, simple as it may seem, changes the whole character of the instrument. The name is changed, the action to enforce the remedy is different, and the judgment is different; and although many of these distinctions may appear too technical and refined. for the purposes of justice; still it seems advisable, so long as the law is studied and practised as a science, to consider it as the safer way, in the general, to observe them. I am therefore of opinion, for the reasons I have mentioned, and for other defects apparent upon the record, that the judgment of the court below ought to have been reversed. Scates and Catón, Justices, also dissented. Judgment affirmed.